UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION

MARIE HENN,

                    Plaintiff,

vs.                                     Case No. 2:11-cv-385-FtM-29SPC

CAROLYN W. COLVIN[1], Acting
Commissioner of Social Security,

                    Defendant.
_____

                          **OPINION AND ORDER**

    This matter comes before the Court on plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. #35) filed on June 24, 2013. Plaintiff certifies that the Commissioner has no objections to the motion. (Id., pp. 14-15.)

    On July 10, 2012, the Court accepted and adopted the Magistrate Judge's Report and Recommendation (Doc. #29), and reversed and remanded the Decision of the Commissioner to further develop the record on the issue of whether plaintiff was engaged in substantial gainful activity for a certain time period and to issue a decision. (Doc. #30.) Judgment was entered the same day. (Doc. #31.) On August 28, 2012, the Court granted plaintiff's Consent Petition for Attorney Fees and awarded $5,650.86 for counsel, and

---

[1]The Acting Commissioner is automatically substituted as the successor officer pursuant to Fed. R. Civ. P. 25(d).

the Clerk issued an Amended Judgment as to the attorney's fees. (Docs. ## 33, 34.)

Counsel for plaintiff now seeks attorney's fees totaling 25% of plaintiff's past-due Social Security Disability Benefits, or $14,876.23, pursuant to a signed Federal Court 406(b) Fee and Cost Agreement with plaintiff.  (Doc. #35-3.)

The Eleventh Circuit Court of Appeals has determined that "42 U.S.C. § 406(b) authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).  Therefore, plaintiff is permitted to return to the Court and seek fees not exceeding 25 percent of past-due benefits awarded.  The fees, however, must still be reasonable and may be offset against a previous award. See Gisbrecht v. Barnhart, 535 U.S. 789 (2002); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268 (11th Cir. 2010).  An attorney may choose to deduct an earlier EAJA award from a subsequent 406(b) award rather than refunding the smaller EAJA fee and accepting the 406(b) in full.  Green v. Comm'r of Soc. Sec., 390 F. App'x 873, 874 (11th Cir. 2010).

On May 24, 2013, a Notice of Award was issued awarding plaintiff disabled widow's past due benefits beginning from January 2009 through April 2013, for a total retroactive award of

$59,504.90.     (Doc. #35-2, Ex. B.)    The Social Security Administration withheld 25% of the past due benefits for attorney fees.  (Id.)  Prior to the award, counsel entered into a Federal Court 406(b) Fee and Cost Agreement providing that counsel may charge 25% of retroactive benefits for "work done before the Federal Court."   (Doc. #35-3, Ex. C.)   The Court finds that the contingency agreement is reasonable, and that there was no undue delay by counsel.

Counsel expended a total of 30.70 "judicial" hours (26.5 hours in addition to the previously claimed 4.2 hours[2]) and did not include accumulated time on the administrative part of the case. (Doc. #35, ¶ 6; Doc. #35-4.)   The Court further finds that the benefits are not disproportionate to the hours expended.   The motion will be granted and the award offset by the previous amount of attorney's fees awarded.

Accordingly, it is now

**ORDERED**:

Plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. #35) is **GRANTED** and the Clerk shall enter a Supplemental Judgment awarding additional attorney's fees to counsel for Marie Henn in the amount of **$9,225.37** pursuant to 42 U.S.C. § 406(b), with all other aspects

---

[2](See Doc. #32-2.)

of the prior Judgments (Docs. ## 31, 34) to remain as previously entered.

**DONE AND ORDERED** at Fort Myers, Florida, this __3rd__ day of June, 2013.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record